STATE OF NEW JERSEY, DEFENDANT, v. SAMUEL FARBER, PROSECUTOR.

Submitted October 3, 1939—Decided January 8, 1940.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and PORTER.

For the prosecutor, *Charles Rubenstein*.

For the defendant, *Daniel O'Regan* and *Frank G. Schlosser*.

The opinion of the court was delivered by

DONGES, J. Prosecutor in *certiorari* was convicted in the Hudson County Traffic Court of being a disorderly person, according to the provisions of *R. S.* 2:202-16, in that he was in possession of lottery slips, and was sentenced to serve twenty days in the Hudson county jail. Upon his application, there was a summary review of his conviction by Judge Brown, of the Hudson County Court of Common Pleas, and an affirmance of the conviction. *Certiorari* was allowed to review such proceedings.

The first point urged is that there was no proof that prosecutor had in his possession lottery slips pertaining to a lottery within the purview of *R. S.* 2:202-16. That section provides, *inter alia:*

"Any person who shall have in his possession or custody any lottery slips, books, or records pertaining to a lottery, or any person who shall have in his possession or have in an automobile in his custody any ticket or tickets, slip or slips, paper, document or memoranda in any way pertaining to the business of a number game, shall be adjudged to be a disorderly person. 'Number game' as used in this paragraph is .defined as any betting on any number or numbers, or sets or arrangements of numbers, on or according to any plan or method whatsoever."

This act was declared valid in *State* v. *Murzda,* 116 *N. J. L.* 219.

The prosecutor's argument appears to be that he might be guilty of possessing "numbers" slips, but there was no evidence of possessing "lottery" slips, and, therefore, he was not guilty as charged, to wit: of having "in his possession lottery slips pertaining to a lottery."

It appears from the state of the case that Chief of County Detectives Flanagan produced two books "containing lottery slips in evidence" and testified that the two books contained

lottery slips and Detective Mahoney testified to the same effect. This testimony was not challenged or contradicted. The record, therefore, adequately sustains the finding of the court that prosecutor was in possession of lottery slips as charged. The state urges that "lottery" is inclusive of "numbers" but it is not necessary to deal with the question of whether "numbers" is or is not a "lottery."

The other point urged is that the act of the legislature seeking to confer jurisdiction on the court of first instance is unconstitutional in that regard, because of defect in its title.

On behalf of respondents it is urged that, even if it be conceded (which it is not), that the title of the act was defective, the alleged defect in the title has been cured by amendment in compliance with the constitutional requirement that "every law shall embrace but one object, and that shall be expressed in the title." The act of 1934 (chapter 26), is entitled "An act to amend an act entitled 'An act relating to county traffic courts, defining their jurisdiction, powers and duties,' approved April seventh, one thousand nine hundred and thirty." *Allison* v. *Corker,* 67 *N. J. L.* 596. By the provisions of this act jurisdiction is expressly conferred, as above stated, to try and determine cases involving disorderly persons.

Further, it is urged that by the adoption of the statutory revision of 1937, the titles of acts contained therein were wiped out, and that the only statutory title is that of such revision, viz.: "An act to establish all the public statute law of a general nature of the State of New Jersey in the form of a revision, consolidation and compilation, to be known as the Revised Statutes," approved December 20th, 1937. See *Central of Georgia Railway Co.* v. *The State of Georgia,* 104 *Ga.* 831; 31 *S. E. Rep.* 531; 42 *L. R. A.* 518; *American Indemnity Co.* v. *City of Austin,* 112 *Tex.* 239; 246 *S. W. Rep.* 1019, and cases cited.

We do not deem it necessary to deal with the constitutional question. It was not raised in the trial court nor was it urged in the Court of Common Pleas. The record discloses that counsel for prosecutor at the hearing on review in the Common Pleas stated five grounds for reversal and said:

"The first ground, if your honor please, is that the court had no jurisdiction in the trial of the case." Apart from the question as to whether or not this statement was sufficient to raise the question as to the constitutionality of the act, the record, which appears to be a complete transcript of the proceedings in that court, shows that only one ground was urged, namely, that the evidence was insufficient. The rule is firmly established in this state that constitutional questions not raised and argued below cannot be raised in an appellate tribunal. This applies to jurisdictional questions dependent upon the constitutionality of statutes. In this case, this court is an appellate tribunal. In *Jersey City* v. *Thorpe*, 90 *N. J. L.* 520, Mr. Justice Garrison, speaking for the Court of Errors and Appeals, said:

"It may be well to point out to counsel for the appellant that he has no right to argue in an appellate court constitutional questions based upon a stipulation entered into for the purposes of such appeal, and raising for the first time in the appellate tribunal questions that were not raised in the court below. *N. J. Dig.* (*Appeal and Error*), ¶¶ 91 *et seq.*; *State* v. *Shupe*, 88 *N. J. L.* 610."

And in *Mahnken* v. *Meltz*, 97 *Id.* 159, 160, an appeal from a *certiorari* proceeding in the Supreme Court, Chancellor Walker, for the Court of Errors and Appeals, said:

"The next point is that the act just mentioned is unconstitutional, in that its title is defective. Defendants-respondents assert in their brief that this point was not raised or argued in the court below and therefore cannot now be urged. In the reply brief it is stated for appellant that the constitutional question was fully raised by elaborating objections to the affidavit and asserting the invalidity of the entire proceedings, and that these questions were raised on the removal of the case to this court. An examination of the nine reasons filed in the Supreme Court fails to disclose, or even suggest, that the act under which the proceedings were brought is unconstitutional. Where the Supreme Court sits as a reviewing tribunal, as it did in this case, questions not argued there will ordinarily not be noticed here, but may be if they involve jurisdiction or public policy. See *State* v. *Belkota*, 95 *N. J.*

*L.* 416; *State* v. *Snell,* 96 *Id.* 299.   But, as above remarked, the jurisdictional question of defective title of the act under which these proceedings were instituted, was not even raised in the court of first instance, and, consequently, could not have been argued in the court of intermediate appeal, as it was not, and it will not, be noticed here."

So here, the attack upon jurisdiction is grounded in the charge of unconstitutionality and this may not now be raised. Obviously the attack upon jurisdiction is based upon the sufficiency of the title of the act (*Pamph. L.* 1934, *ch.* 26) now *R. S.* 2:229-3, for this section clearly confers jurisdiction on the county traffic court to try cases for alleged violation of subtitle 15 (section 2:201-1 *et seq.*), which relates, *inter alia,* to disorderly persons.   It clearly appears that the jurisdictional question of defective title of the act now sought to be challenged, may not be pressed in this court, when it was not raised below.

The *certiorari* is dismissed, with costs.